UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
MD. AMINUL ISLAM,

        Plaintiff,

        v.

ANDREA QUARANTILLO, District
Director, New York, U.S. Department
of Homeland Security, and JOHN W.
BIRD, Chief, Humanitarian Affairs
Branch, International Operations
Division, U.S. Department of
Homeland Security,

        Defendants.
------------------------------------X

**MEMORANDUM & ORDER**
18-CV-1879(KAM)(LB)

**MATSUMOTO, United States District Judge**:

      Plaintiff MD. Aminul Islam, currently residing in Bangladesh, brings this *pro se* complaint, pursuant to 42 U.S.C. Section 1983, seeking this Court's review of a discretionary decision by the United States Department of Homeland Security ("DHS"). Plaintiff paid the requisite filing fee to bring this action. For the reasons discussed below, the complaint is dismissed.

**STANDARD OF REVIEW**

      Where, as here, the plaintiff is proceeding *pro se,* the complaint is held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is obliged to construe the pleadings liberally and to interpret them as raising the strongest

arguments they suggest. *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Yong Qin Luo v. Mikel,* 625 F.3d 772, 775 (2d Cir. 2010); *see also Chestnut v. Wells Fargo Bank, N.A.,* No. 11 CV 5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.* If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted).

Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or

when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

**DISCUSSION**

This Court does not have jurisdiction to consider plaintiff's claims under 42 U.S.C. § 1983.  Plaintiff styles his submission as a civil rights complaint pursuant to 42 U.S.C. § 1983, and he alleges that his constitutional rights, "Immigrant's Rights," "Human Rights," and the Immigration and Nationality Act were violated. Plaintiff also asserts discrimination, misconduct, and excessive delay. However, he does not seek damages.  Instead, he appears to seek review of two prior decisions by the United States Citizenship and Immigration Service ("USCIS"), United States Department of Homeland Security ("DHS") in order to "enter into the United States," either on the grounds of humanitarian parole or on the basis of his status "as a long standing legalization seeker." (*See* ECF No. 1, Compl. at 5.)

I. **Background**

In his Complaint, plaintiff states that he originally "entered the United States in the year of 1981 without visa for

3

better life and education[,] . . . . applied for legalization for Temporary Resident . . . in December 23, 1990 . . . and was approved /Issued me for Work Authorization." (*See* Compl. at 3.) In 2002, plaintiff applied for permanent residency in an I-485 Application to Adjust Status "and was permitted to enter into the United States through Parole Letter in the year of June, 2005." (*Id.*)  In 2007, plaintiff "was called for an interview by the District Director of New York Immigration Office," and "[l]ater they sent [a] denial letter." (*Id.*)  Plaintiff further stated, "I think I did not get the Justice.  I appealed against their decision to the Administrative Appeal Office; the AAO dismissed my case in 2009 because I could not establish credible evidences."  (*Id.*)

In June 2010, plaintiff had two heart attacks which made it necessary for him to undergo a heart catheterization procedure.  (*Id.* at 4.)  According to plaintiff, one month later he was advised to have open heart surgery, but decided that he needed to see his mother and family before undergoing a nine-hour surgical procedure.  (*Id.*)  "At last, without consulting the [d]octors, [plaintiff] left the US in January 17, 2011 to see [his] ailing mother and family," in Bangladesh.  (*Id.*)  On December 10, 2015, plaintiff applied for "Humanitarian Parole for Extreme Situation under Emergency Medical Issues," seeking re-entry to the United States.  (*Id.*)  His application was

4

denied on April 11, 2016.  (*Id*.)  Plaintiff requested reconsideration of his application and that request was also denied.  (*Id*. at 5.)  Plaintiff does not provide the date of the denial of his request for reconsideration.

Plaintiff argues that the original decision on his application for permanent residency was marred by misconduct, discrimination and prejudicial delay.  (*Id*. at 3-4.)  Plaintiff provides few details about his original application and grounds for adjustment of status or the final outcome after the "denial letter" and the dismissal of his appeal in 2009.  (*Id*.)  He does not now allege that he is entitled to permanent residency or other lawful immigration status.

DHS has a process for granting temporary admission into the United States "on a case-by-case basis for urgent humanitarian reasons or significant public benefit [to] any alien applying for admission to the United States."  8 U.S.C. § 1182(d)(5)(A).  Plaintiff argues that the April 11, 2016 denial of his request for humanitarian parole failed to consider his "ill health situation, which is [an] emergency medical issue." (Compl. at 6.)

## II. REAL ID ACT

This Court lacks subject matter jurisdiction to consider plaintiff's challenges to the 2009 decision of the Administrative Appeal Office denying the appeal of his I-485

5

Application to Adjust Status and the 2016 denial of his application for humanitarian parole. The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, Title I, 119 Stat. 231, 310-11, precludes judicial review of certain discretionary decisions made by immigration officials. 8 U.S.C. § 1252(a)(2)(B)(i)&(ii) ("[N]o court shall have jurisdiction to review (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority of which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum].")

The REAL ID bar to judicial review applies to adjustment of status of a nonimmigrant to that of a person admitted for permanent residence, as it is governed by 8 U.S.C. § 1255, and is specifically in the discretion of the Attorney General. *Ansah v. Napolitano*, No. 12-CV-5205, 2013 WL 247984, at *3 (S.D.N.Y. Jan. 23, 2013)(holding that district court lacked subject matter jurisdiction to adjudicate petitioner's I-485 application as it "would necessarily require that the Court review a judgment regarding the granting of relief under 8 U.S.C. § 1255"); *Wallace v. Gonzales*, 463 F.3d 135, 141 (2d Cir. 2006)(dismissing petition for lack of subject matter

jurisdiction "insofar as it challenges the BIA's weighing of factors relevant to the grant or denial of petitioner's application for adjustment of status").

This exclusion of federal court review extends to the discretionary decision to grant or deny humanitarian parole to an alien. *See Giammarco v. Kerlikowske*, 665 F. App'x 24, 26 (2d Cir. 2016) (summary order)(citing *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011))(holding that "the district court correctly concluded that it lacked jurisdiction to consider the merits of Giammarco's habeas petition" where the substance of the petition sought to void discretionary decisions "denying petitioner humanitarian and public benefit parole, a visa waiver, and a visitor visa"); *Milardo v. Kerilikowske*, No. 16-MC-99, 2016 WL 1305120, at *4 (D. Conn. Apr. 1, 2016) ("[C]ourts in this Circuit recognize that the decision to grant an alien parole is normally not reviewable by district courts."); *Young v. Aviles*, 99 F. Supp. 3d 443, 456 n. 8 (S.D.N.Y. 2015) (finding that the district court lacks jurisdiction to consider a challenge to discretionary decisions denying humanitarian parole to aliens); *Salim v. Tryon*, No. 13-CV-6659, 2014 WL 1664413, at *2 (W.D.N.Y. Apr. 25, 2014) ("[F]ederal courts lack jurisdiction to review discretionary decisions concerning parole under section 1182(d)(5)."); *Viknesrajah v. Koson*, No. 09-CV-6442, 2011 WL 147901, at *2 (W.D.N.Y. Jan. 18, 2011) ("District courts

7

do not have jurisdiction to consider challenges to discretionary decisions denying parole to aliens seeking asylum.").

The REAL ID Act contains one exception to the jurisdictional bar on federal court review of discretionary agency decisions: "Nothing in [the provision] which limits or eliminates judicial review shall be construed as precluding review of constitutional claims or questions of law raised up on a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). There is no provision for review in the district courts. *See also* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal.")

Thus, this Court does not have jurisdiction to review plaintiff's claims, either as to the 2016 decision denying him parole on humanitarian grounds or the 2009 denial of his appeal of his prior I-485 Application to Adjust Status. Should plaintiff believe that he is eligible for review under 8 U.S.C. § 1252(a)(2)(D), he may file a petition for review in the appropriate United States Court of Appeals.

## CONCLUSION

Accordingly, as this Court has no jurisdiction to review the prior decisions of immigration officials at issue in this case, the complaint is dismissed without prejudice to

filing a petition for review in the United States Court of Appeals. Although plaintiff has paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case. The Clerk of Court is respectfully requested to serve a copy of this order and the judgment on *pro se* plaintiff and note service on the docket by November 26, 2018.

**SO ORDERED.**

                                              /s/
                                       Kiyo A. Matsumoto
                                       United States District Judge

Dated: November 20, 2018
      Brooklyn, New York